UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-00226-RJC-SCR

| ESTEBAN ARAUJO GUZMAN | ) |
| :--- | :--- |
| Petitioner, | ) |
| v. | ) ORDER |
| BEGE ANDREINA KATTA BRAZON | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for a Temporary Restraining Order, Application for a Warrant Seeking Physical Custody of the Child, and Scheduling of an Expedited Hearing. (Doc. No. 4).

The Court has jurisdiction over this matter pursuant to 22 U.S.C. § 9003(a) and 28 U.S.C. § 1331. Venue is proper pursuant to 22 U.S.C. § 9003(b) and 28 U.S.C. § 1391(b).

By necessity, all facts and allegations contained herein are taken solely from Petitioner's filings. Based on the verified complaint, the Child was born on June 2, 2021, in Lima Peru, where Petitioner, Respondent, and the Child resided together. (Doc. No. 1 at 3). The Child attended nursery school in Peru. *Id.*

On July 13, 2023, Petitioner, Respondent, and the Child visited Indian Trail, North Carolina together. *Id.* Shortly before they were due to leave, on July 30, 2023, Respondent and her family members advised Petitioner that she and the child would

1

not return to Peru. *Id.* at 4. Petitioner believes the Child is staying with Respondent and her family at the family's home in Indian Trail, North Carolina.

On September 7, 2023, Petitioner's Request for Return of the Child was submitted to the United States Department of State through the Peruvian Central Authority. *Id.* Plaintiff filed a Verified Complaint and Petition for Return of the Child, (Doc. No. 1), on February 26, 2024. The present motion was filed March 1, 2024.

Petitioner brings this action under the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act (ICARA).[1] In sum, Petitioner seeks the following: (a) an immediate *ex parte* temporary restraining order prohibiting the removal of the Child from the jurisdiction of this Court pending a hearing on the merits of this Verified Complaint, and further providing that no person acting in concert or participating with Respondent, shall take any action to remove the Child from the jurisdiction of this Court pending a determination on the merits of the Verified Petition; (b) a warrant issued by the Court requiring the United States Marshall to take physical custody of the child and place her in the Petitioner's care pending a hearing on the merits of the Verified Complaint, and further authorizing such officer to serve Respondent with notice of the hearing and the pleadings filed by Petitioner in this case; (c) an expedited preliminary injunction hearing on the merits of the Verified Complaint requiring Respondent to show cause at this hearing why the Child should

---

[1] Petitioner cites ICARA at 42 U.S.C. §§ 11601–11610. This statute was transferred to 22 U.S.C. §§ 9001–9011.

not be returned to Peru by Petitioner, and why such other relief requested in the Verified Complaint should not be granted; and (d) an order, pursuant to Federal Rule of Civil Procedure 65, that the trial of the action on the merits be advanced and consolidated with the hearing on the Verified Complaint. (Doc. No. 4).

The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65.

A TRO or preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief" and may never be awarded "as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 24 (2008). The Fourth Circuit has similarly recognized that the grant of such a remedy involves "the exercise of a very far-reaching power, which is to be applied only in [the] limited circumstances which clearly demand it." *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013). In order to receive an injunction prior to a final decision on the merits, a plaintiff must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm without the preliminary injunction; (3) the balance of equities tips in his favor; and (4) the injunction is in the public interest. *Winter*, 555 U.S. at 20; *Mountain Valley Pipeline,*

3

*LLC v. Western Pocahontas Properties Limited Partnership*, 918 F.3d 353 (4th Cir. 2019).

"In adopting the Hague Convention, the signatory nations sought 'to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence, as well as to secure protection for rights of access.'" *Miller v. Miller*, 240 F.3d 392, 398 (4th Cir. 2001) (quoting Hague Convention, pmbl., T.I.A.S. No. 11,670, at 2, 19 I.L.M. at 1501). Thus, the primary purpose of the Hague Convention is to preserve the status quo. *Id.* (quoting *Friedrich v. Friedrich,* 983 F.2d 1396, 1400 (6th Cir. 1993)).

To prove Respondent's retention was wrongful under the applicable law, Petitioner must establish: (1) the Child was a habitual resident of Peru at the time of wrongful retention; (2) the wrongful retention breached Petitioner's custody rights under Peruvian law; and (3) Petitioner had been exercising his custodial rights at the time of wrongful retention. *See Velasquez v. Velasquez*, No. 1:14CV1688 JCC/TRJ, 2014 WL 7272934, at *3 (E.D. Va. Dec. 15, 2014) (first citing *Miller,* 240 F.3d at 398; and then citing 22 U.S.C. § 9003(e)(1)(A)).

Under ICARA, "any court exercising jurisdiction of an action brought under section 9003(b) of this title may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 22 U.S.C. § 9004(a).

4

Case 3:24-cv-00226-RJC-SCR   Document 5   Filed 03/07/24   Page 4 of 9

Having reviewed the Petitioner's Motion, and the record before the Court, the Court concludes that Petitioner has shown a likelihood of success on the merits, as Petitioner has shown that the Child was a habitual resident of Peru at the time of wrongful retention through the Child's presence there since birth and enrollment in nursery school. Also, petitioner has shown that the wrongful retention breached Petitioner's custody rights under Peruvian law, and Petitioner was exercising his custody rights prior to the Child's removal in that Petitioner, Respondent, and the Child all lived together until Respondent refused to return to Peru.

Further, Petitioner has shown a likelihood that irreparable harm will result to him without injunctive relief, explaining that Respondent may flee with the child once she learns of this Petition, preventing Petitioner from locating the Child. The balance of equities also tips in Petitioner's favor, as he is not seeking to alter Respondent's custody rights but seeks to restore the status quo. Lastly, a TRO is in the public interest because the relief sought would further the goals of the Hague Convention that rights of custody and access under the law of one contracting state are effectively respected in other contracting states.

The Court has been provided with adequate reasons why notice should not be given to Respondent as it is likely that absent legal restraint, Respondent would flee with the Child from this District upon notice of the Petition. Accordingly, the Court grants the temporary restraining order prohibiting the removal or concealment of the Child from the jurisdiction of this Court, by Respondent or anyone acting in concert

or participating with Respondent, pending a hearing on the merits of the Verified Complaint.

Further, Petitioner's Motion for scheduling of an expedited preliminary injunction hearing on the merits of the Verified Complaint is granted and will take place at the time and date provided below. At the hearing, the Court will determine whether Respondent's retention of the Child in the United States is wrongful, as alleged by Petitioner. The Court will also give Respondent an opportunity to address the question of whether she can establish one of the available defenses under the Hague Convention. As to Petitioner's request that trial of this action be advanced, it is denied. The Court will not consolidate the preliminary injunction hearing with the final trial on the merits, absent consent from Respondent.

Regarding Petitioner's request that the Court issue a warrant for physical custody of the Child, the Court is not convinced that the State law requirements are met such that a warrant to take physical custody of the child is appropriate at this time. Importantly, under ICARA, "[n]o court exercising jurisdiction of an action brought under section 9003(b) of this title may, under subsection (a) of this section, order a child removed from a person having physical control of the child unless the applicable requirements of State law are satisfied." 22 U.S.C. § 9004(b). Under North Carolina law, "upon the filing of a petition seeking enforcement of a child-custody determination, the petitioner may file a verified application for the issuance of a warrant to take physical custody of the child if the child is immediately likely to suffer serious physical harm or be removed from this State." N.C. Gen. Stat. § 50A-311. The

6

Court has not made such a finding. Accordingly, Petitioner's request that a warrant be issued by the Court requiring the United States Marshall to take physical custody of the child and place her in the Petitioner's care pending a hearing on the merits of the Verified Complaint and Petition is denied.

Therefore, for the reasons stated above, Petitioner's Motion is granted in part and denied in part.

**IT IS THEREFORE ORDERED** that

1. Petitioner's Motion for a Temporary Restraining Order is **GRANTED**, and a temporary restraining order is issued in this matter that temporarily enjoins Respondent, or anyone acting on her behalf or at her direction, from removing the Child from the Western District of North Carolina and the jurisdiction of this Court pending a hearing on Petitioner's Verified Petition;

2. Respondent, or anyone acting on her behalf or at her direction, shall not conceal the Child from the Court;

3. Petitioner's request for an expedited hearing is **GRANTED**. Respondent shall appear for a hearing on Petitioner's related request for a preliminary injunction at the date, time, and location specified below: **Friday, March 22, 2024, at 10:00 AM, United States Courthouse, Charles R. Jonas Federal Building 401 West Trade Street, Charlotte, NC 28202, in Courtroom 4A**. At this hearing, Respondent shall appear to show cause why the Child should not be returned to Peru by Petitioner and why the

relief requested in the Verified Complaint and Petition should not be granted.

4. Petitioner's request that the trial of the action on the merits be advanced and consolidated with the preliminary injunction hearing is **DENIED**; and

5. Petitioner's Motion that a warrant be issued by the Court requiring the United States Marshall to take physical custody of the Child and place the Child in the Petitioner's care pending a hearing on the merits of the Verified Complaint is **DENIED**.

**IT IS FURTHER ORDERED** that this temporary restraining order shall remain in effect for a period of fourteen (14) days from entry, and that a hearing on Petitioner's related request for a preliminary injunction shall be scheduled at the date and time provided above.

Respondent is cautioned that violation of this temporary restraining order can be treated as criminal contempt and is punishable as a federal criminal offense by the United States Attorney and could further result in the issuance of a warrant pursuant to N.C. Gen. Stat. § 50A requiring taking of custody of the Child by the United States Marshal.

If, at the time of hearing, Respondent requests a continuance for her to retain counsel to represent her in this matter, the court will consider such request at that time. **Petitioner and Respondent are to be physically present at the hearing for the purpose of providing testimony to aid the court's decision.** If Respondent is served and fails to appear on such date or removes the minor child or

causes the minor child to be removed from the jurisdiction of this Court, the Court shall issue a warrant for the arrest of Respondent and appearance for a hearing to show cause why she should not be held in contempt.

The United States Marshal is directed to immediately serve this Order and the Verified Complaint and Petition, (Doc. No. 1), on Respondent, who the Court has reason to believe will be found at:

6309 Trevor Simpson Drive, Indian Trail, North Carolina, 28079.

Signed: March 6, 2024

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge